UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

HOWARD MACK HARRIS, Sr.                                                                               Plaintiff

v.                                                                                       Civil Action No. 3:20-CV-P73-RGJ

EVANS et al.                                                                                         Defendants

\* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff, Howard Mack Harris, Sr., filed a *pro se*, *in forma pauperis* complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

## I. STATEMENT OF CLAIMS

Plaintiff names as Defendants United States Marshals Evans and Chad Smith. The gist of the complaint is difficult to follow. It appears to have to do with the Marshals taking his wallet when he was handcuffed. He states that his wallet held "all I'm worth of ten II fourth measurements of [C]onstitutional Roman numerals as dues II del 4th Fourth Amendment Constitutional illegal search and seizures of my personal meanings and passed them II a person that they had no common acknowledgements of exactly whom the person was or is." Plaintiff states that he

> seeks awardment [M]erits of Respect of Tituls 42 [illegible] religion of name an make ethical essentials of [illegible] [Merits] of attendances of Love facts clauses dues II 14th Fourteenth Amendment Constitutional means of [Merit] due II respect of all [C]ourthouse Rules. If not respected seeks on safety sum of one million dollars as of records and stenographical "research."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601 at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Additionally, Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Thus, Rule 8(a)

"imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original). In other words, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted); *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'ground' on which the claim rests."). "A district court should not . . . be required to guess or speculate about the basis of a plaintiff's civil rights claim." *Cansler v. Henderson Co. Police Dep't*, No. 4:16-CV-P99-JHM, 2016 WL 6803104, at *3 (W.D. Ky. Nov. 15, 2016).

Nor is this Court required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975) (per curiam). To do so would require the "courts to explore exhaustively all potential claims of a pro se plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Here, Plaintiff fails to make a showing that he is entitled to relief and fails to place Defendants on notice as to any claim(s) against them. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Twombly*);

*see also Beaudett*, 775 F.2d at 1278 ("Even in the case of *pro se* litigants, the[] [courts] cannot be expected to construct full blown claims from sentence fragments[.]").

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date:

cc: Plaintiff, *pro se*
 Defendants
A961.009